IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BOBBY DWAYNE LUCKY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| vs. | § | Civil Action No. 3:14-CV-2915-L-BH |
| | § | |
| **SANDRA HAYNES, et al.,** | § | |
| | § | |
| **Defendants.** | § | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the standing order of reference dated October 31, 2014, this *pro se* case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are *Defendant Nafrawi's 12(b)(1) Motion to Dismiss*, filed October 17, 2014 (doc. 8), and *Defendant Haynes 12(b)(6) Motion to Dismiss,* filed October 29, 2014. (doc. 11.) Based on the relevant filings and applicable law, both motions should be considered under Rule 12(b)(6) and granted.

### I. BACKGROUND

On August 14, 2014, Bobby Dwayne Lucky (Plaintiff) filed suit against Sandra Haynes, Adel Nafrawi, and Kathy Washington (collectively Defendants) under 42 U.S.C. § 1983, alleging violations of the Eighth Amendment, negligence, fraud, and violations of the Texas Penal Code. (*See* docs. 3, 30 at 4-8.)[1]

Plaintiff contends that on August 30 and 31, 2001, while he was an inmate at the Texas Department of Criminal Justice's Middleton Unit in Abilene, Texas, he was given contaminated chicken salad and milk. (doc. 30 at 8.) Haynes was a kitchen supervisor at that time. (*Id*. at 4.)

---

[1] Plaintiff was granted leave to amend his complaint to correct the home addresses of the defendants and the name of one defendant. (*See* doc. 29.) Because the claims are identical to those in the original complaint, the motions to dismiss are considered as asserted against the amended complaint.

Plaintiff began experiencing nausea and vomiting during the evening of August 31. His symptoms were initially treated at the Middleton Unit by Washington, a licensed vocational nurse, and then by Nafrawi, a physician. (*Id.* at 5, 9.) After Plaintiff did not improve within a hour, Nafrawi sent him to a non-TDCJ medical center and emergency room for further treatment. (*Id.* at 9.) Plaintiff claims that he ultimately underwent several surgeries that resulted from complications, that the food poisoning and treatment left him with disfiguring scars and other health problems, and that he has suffered "extreme severe" physical and emotional stress that has limited his ability to engage in everyday activities. (*Id*. at 9-16.)

Nafrawi and Haynes move to dismiss this action on grounds that it is time-barred. (docs. 24, 27.) With a timely-filed response and reply, the motions are now ripe for recommendation.

## II. RULE 12(b)(1)

Nafrawi moves to dismiss Plaintiff's claims against him under Federal Rule of Civil Procedure 12(b)(1). (doc. 8.)

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative at any stage in the litigation, even after trial and the entry of judgment."*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the

subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The dismissal "is not a determination of the merits," and "it does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### A.     Legal Standard

A district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981) (en banc).  A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id*. Facial attacks are usually made early in the proceedings. *Id.* "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F.Supp. 876, 878 (N.D. Tex.1998)(citation omitted). However, if the defendant supports the motion with evidence, then the attack is "factual," and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413.  A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980).  Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Here, Nafrawi does not support his motion to dismiss with evidence. The motion therefore presents a facial attack that requires determination of whether the allegations in the complaint sufficiently state a basis for subject matter jurisdiction.

**B.** **42 U.S.C. § 1983**

Nafrawi moves to dismiss Plaintiff's claims against him on grounds that they are barred by the applicable statute of limitations. (*See* doc. 8 at 2.)

Plaintiff sues under 42 U.S.C. § 1983, which "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (citation omitted). To state a claim under § 1983, he must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). Here, Plaintiff primarily complains that Nafrawi denied him adequate medical care. He has expressly alleged a claim under the Eighth Amendment of the Constitution, which requires humane conditions of confinement, including adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

In a § 1983 action, the statute of limitations is an affirmative defense, not a jurisdictional bar. *See Medley v. City of Amarillo, Texas,* 198 F.3d 241, *1 (5th Cir. 1999) (per curiam); *Darby v. Dallas County Sheriff*, 3:06-CV-1928-K, 2007 WL 2241751, *5 (N.D. Tex. Aug. 3, 2007) (citing *Triplett v. Heckler*, 767 F.2d 210, 211-12 (5th Cir. 1985) (noting that a timeliness requirement represented a

statute of limitations rather than a bar to jurisdiction)).[2] A motion to dismiss a § 1983 action based on the statute of limitations should therefore be brought under Rule 12(b)(6), not Rule 12(b)(1). *See Watts v. Graves*, 720 F.2d 1416, 1422-23 (5th Cir. 1983) (per curiam) ("The statute of limitations [in a § 1983 action] may serve as a proper ground for dismissal under Federal Rule of Civil Procedure 12(b)(6)."); *see also Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 776 n. 3 (5th Cir. 1997) (the affirmative defense of limitations may properly be asserted in a Rule 12(b)(6) motion); *Triplett*, 767 F.2d at 211-12 (motion to dismiss based on timeliness invoked Rule 12(b)(6), not Rule 12(b)(1)).

Because Haynes has moved to dismiss Plaintiff's claims as time-barred under Rule 12(b)(6), Nafrawi's motion to dismiss will also be considered under Rule 12(b)(6). *See also Carcamo-Lopez v. Does 1 through 20*, No. EP-09-CV-371-KC, 2011 WL 318148, *2 (W.D. Tex. Jan. 29, 2011) (construing Rule 12(b)(1) motion to dismiss civil rights claims based on limitations under Rule 12(b)(6) instead of denying motion).

### III. RULE 12(b)(6)

Haynes moves to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 11.)

**A.** **Rule 12(b)(6) Standard**

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196

---

[2] *See also Johnson v. Mott*, 376 F. App'x 641 (8th Cir. 2010) (per curiam) (district court erred in dismissing §1983 action as time-barred under Rule 12(b)(1) instead of 12(b)(6) because limitations is typically an affirmative defense); *Krug v. Imbordino*, 896 F.2d 395, 396 (9th Cir. 1990) (the statute of limitations is not jurisdictional, but rather an affirmative defense, in an action under 42 U.S.C. §§ 1983 and 1985).

(5th Cir. 1996). It is well established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).

Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged

their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 680.

"Although defenses are generally not the proper subject of Rule 12(b)(6) motions, certain affirmative defenses that clearly appear on the face of the plaintiff's complaint-most commonly that the statute of limitations has run-may properly be asserted in a Rule 12(b)(6) motion." *Songbyrd, Inc.*, 104 F.3d at 776 n. 3 (citing *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir.1994).

### B.     **Statute of Limitations**

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in cases filed pursuant to 42 U.S.C. § 1983. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, so Plaintiff had two years from the date his claims accrued to file suit. *Id.*; *Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

#### *1.     Accrual Date*

While state law determines the length of the § 1983 limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action" or when "the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citations omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.' " A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim.

7

> Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *accord Walker*, 550 F.3d at 414.

Here, Plaintiff's complaint alleges that he ate the contaminated food and began to show symptoms at the latest on August 31, 2001. (doc. 30 at 4-5, 8-16.) He knew the factual basis for his claims against the Defendants on that date, so his claims accrued on that date. He did not file this suit until approximately thirteen years later.

### 2. Tolling

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id.* "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 19956). However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights").

Here, Plaintiff contends that the "continuous treatment doctrine" has tolled the statute of limitations, citing *Sullivan v. John Hancock Mut. Life Ins. Co.*, 110 S.W.2d 870 (Mo. Ct. App. 1937), and *Lomber v. Farrow*, 91 A.D.2d 725 (N.Y. App. Div. 1982). "Under the continuous treatment doctrine, 'a plaintiff's cause of action does not accrue until the tortious continuing treatment ends,

even if the plaintiff is aware of the facts constituting negligence before that time.' " *Interial v. Chippi*, 427 F.App'x 842, 843-44 (11th Cir. 2011) (quoting *Wehrman v. United States*, 830 F.2d 1480, 1483 (8th Cir. 1987)). The applicability of this doctrine to Plaintiff's case was specifically rejected in *Lucky v. Haynes*, No. 3:12-CV-2609-B, 2013 WL 3054017, at *2 (N.D. Tex. June 18, 2013). The court noted that "the concept of a 'continuing tort' has been recognized [in Texas, where] tortious behavior is repeated or continues for a period of time". *Id.* (citing *Pete v. Metcalfe*, 8 F.3d 214, 218 (5th Cir.1993)). However, "'[i]n the usual personal injury case, the defendant's wrongful conduct ceases on a certain day insofar as it may be considered a cause of the injury in question. The cause of action accrues on that day, although the plaintiff's suffering may continue for months and years.' " *Id.* (citing *Adler v. Beverly Hills Hosp.*, 594 S.W.2d 153, 155 (Tex. Civ. App.—Dallas 1980, no writ)).

It is clear from the face of his complaint that Plaintiff did not pursue his claims until approximately thirteen years after they accrued, although the allegedly wrongful conduct ceased in late August 2001. He has not shown that he diligently pursued his claims or alleged any basis for equitable tolling. His claims against Defendants are therefore subject to dismissal for failure to state a claim because they are barred by the statute of limitations.

### IV. RECOMMENDATION

Both motions to dismiss should be considered under Rule 12(b)(6) and **GRANTED**, and all of Plaintiff's claims against Defendants should be dismissed with prejudice.

**SIGNED this 2nd day of July, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE